```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 9-28-20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LA LEWIS,

                        Petitioner,

       v.

NEW YORK STATE SUPREME COURT.

                        Respondent.

No. 17-CV-7583 (RA) (OTW)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

      Petitioner LA Lewis brings this petition for habeas corpus against the New York State Supreme Court. He challenges the imposition of five years' post-release supervision added by means of resentencing nine years after his initial conviction and sentence. Report & Recommendation of Magistrate Judge Wang ("Report") at 1–3 (Dkt. 38). This five-year term of supervised release expired on April 28, 2020. *Id*. at 3 (citing Dkt. 37 at 2).[1]

      Before the Court is Magistrate Judge Wang's Report and Recommendation dated August 21, 2020. Judge Wang recommends the Court deny the habeas petition as moot. *Id*. at 5. The parties had until September 4, 2020 to object to the Report. *Id*. at 5–6. Neither party did. Accordingly, this Court reviews Judge Wang's Report for clear error, and adopts the recommendation in its entirety. Lewis's petition for habeas corpus is DENIED and the Court declines to issue a certificate of appealability.

## LEGAL STANDARDS

      A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The district court

---

[1] The Court assumes the parties' familiarity with the facts of this case, as outlined in the Report.

may adopt those portions of the report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Minto v. Decker*, 108 F. Supp. 3d 189, 192 (S.D.N.Y. 2015) (internal quotation marks omitted).

## DISCUSSION

**A. Petition for Habeas Corpus**

Article III, Section 2 of the Constitution provides that the federal courts maintain authority to adjudicate only those cases or controversies that are justiciable. "[W]hen the issues presented [in a case] are no longer 'live' or the party lacks a legal cognizable interest in the outcome," the case is moot, and thus not justiciable. *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal citation and quotation marks omitted). "[M]ootness is not fixed at the time of filing but must be considered at every stage of the habeas proceeding." *Nowakowski v. New York*, 835 F.3d 210, 217 (2d Cir. 2016) (citing *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968)). This court has repeatedly held that "challenges to the validity of a sentence are mooted by the expiration of that sentence" and thus not justiciable once the sentence has been served. *Garcia v. Schultz*, No. 05-cv-2428 (BSJ), 2010 WL 1328349, at *7 (S.D.N.Y. Jan. 13, 2010), *report and recommendation adopted*, 2010 WL 1328333 (S.D.N.Y. Apr. 2, 2010); *see also Brown v. Breslin*, No. 04-cv-7970 (PAC)(DF), 2008 WL 857767, at *16 (S.D.N.Y. Mar. 31, 2008) (holding that there is no presumption of continuing injury where "the duration of an already-served sentence, as opposed to the conviction itself" is challenged).

Here, Lewis challenges his resentencing—namely, the addition of five-years' supervised release to his sentence. Report at 5. He does not challenge his conviction itself. Given that there appears to be no dispute that both his sentence and term of supervised release are now

expired, Judge Wang did not clearly err when she found that Lewis's petition for habeas corpus was non-justiciable and recommended the Court deny the petition.

**B. Certificate of Appealability**

"In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Section 2253 only permits a certificate of appealability to issue if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Plaintiff has made no such showing. Accordingly, Judge Wang did not clearly err when she found that Lewis was not entitled to a certificate of appealability.

## CONCLUSION

Accordingly, the Court adopts Judge Wang's recommendation in full. The Court hereby denies the petition for habeas corpus, and declines to issue a certificate of appealability. The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 2 and close the case. The Clerk of Court is also respectfully directed to mail a copy of opinion to the pro se Petitioner at the addresses listed below.

Dated:   September 28, 2020
         New York, New York

Ronnie Abrams
United States District Judge

Copies mailed to:

LA Lewis
326 East 94th Street #4W
New York, NY 10128

LA Lewis
Help Support Employment Center
111 Sunken Garden Loop
New York, NY 10035